

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) MARIA YOVANNY SOTO-DIAZ-DEPEREZ, a/k/a "Betty,"<br>(2) VALENTIN PUJOLS, and<br>(3) KATHERINE OLIVARES-SOTO, a/k/a "Jessy,"<br><br>Defendants | Criminal No. 19cr10325<br><br>Violations:<br><br><u>Count One</u>: Conspiracy to Distribute and to Possess with Intent to Distribute 40 Grams or More of Fentanyl<br>(21 U.S.C. § 846)<br><br><u>Counts Two and Three</u>: Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); 18 U.S.C. § 2)<br><br><u>Count Four</u>: Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))<br><br><u>Forfeiture Allegation</u>:<br>(21 U.S.C. § 853) |

## INDICTMENT

### COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
40 Grams or More of Fentanyl
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about December 2018, through on or about February 14, 2019, in Peabody and Arlington, in the District of Massachusetts, and elsewhere, the defendants,

      (1) MARIA YOVANNY SOTO-DIAZ-DEPEREZ, a/k/a "Betty,"
      (2) VALENTIN PUJOLS, and
      (3) KATHERINE OLIVARES-SOTO, a/k/a "Jessy,"

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi) is applicable to this Count.

It is further alleged that, with respect to Count One, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) MARIA YOVANNY SOTO-DIAZ-DEPEREZ, a/k/a "Betty," (2) VALENTIN PUJOLS, and (3) KATHERINE OLIVARES-SOTO, a/k/a "Jessy." Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi) is applicable to defendants (1) MARIA YOVANNY SOTO-DIAZ-DEPEREZ, a/k/a "Betty," (2) VALENTIN PUJOLS, and (3) KATHERINE OLIVARES-SOTO, a/k/a "Jessy."

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
### Distribution of and Possession with Intent to Distribute 40 Grams of More of Fentanyl; Aiding and Abetting
### (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about December 19, 2018, in Peabody, in the District of Massachusetts, and elsewhere, the defendants,

      (1) MARIA YOVANNY SOTO-DIAZ-DEPEREZ, a/k/a "Betty," and
      (2) VALENTIN PUJOLS,

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi), and Title 18, United States Code, Section 2.

COUNT THREE
Distribution of and Possession with Intent to Distribute
40 Grams of More of Fentanyl; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about January 17, 2019, in Arlington, in the District of Massachusetts, and elsewhere, the defendants,

    (1) MARIA YOVANNY SOTO-DIAZ-DEPEREZ, a/k/a "Betty," and
    (2) KATHERINE OLIVARES-SOTO, a/k/a "Jessy,"

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi), and Title 18, United States Code, Section 2.

## COUNT FOUR
Distribution of and Possession with Intent to Distribute
40 Grams of More of Fentanyl
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi))

The Grand Jury further charges:

On or about February 14, 2019, in Arlington, in the District of Massachusetts, and elsewhere, the defendant,

      (1) MARIA YOVANNY SOTO-DIAZ-DEPEREZ, a/k/a "Betty,"

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1.  Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 846 and 841, set forth in Counts One through Four of this Indictment, the defendants,

> (1) MARIA YOVANNY SOTO-DIAZ-DEPEREZ, a/k/a "Betty,"
> (2) VALENTIN PUJOLS, and
> (3) KATHERINE OLIVARES-SOTO, a/k/a "Jessy,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the Court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
JAMES E. ARNOLD
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: September 4, 2019
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

9/4/19 @ 12:37pm